UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                        Case No. 21-cv-10622

v.                                        HON. MARK A. GOLDSMITH

ANNETTA POWELL et al.,

                Defendants.

_____/

**OPINION & ORDER**
**DENYING (1) DEFENDANTS' MOTION OBJECTING TO GOVERNMENT'S EXHIBIT**
**(Dkt. 132) AND (2) GOVERNMENT'S MOTION OBJECTING TO DEFENDANTS'**
**EXHIBITS (Dkt. 133)**

       The Government seeks to permanently enjoin Defendants from acting as tax preparers and to disgorge profits earned from Defendants' allegedly fraudulent tax preparation services. A bench trial before the undersigned is scheduled to commence as early as November 1, 2023. The Government and Defendants both challenge exhibits proposed by the other side as inadmissible hearsay. See Def. Mot. (Dkt. 132); Gov't Mot. (Dkt. 133). The Court denies both motions and finds these exhibits admissible.[1]

## I. ANALYSIS

       "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." United States v. Rodriguez-Lopez, 565 F.3d 312, 314 (6th Cir. 2009) (punctuation modified) (citing Fed. R. Evid.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes the Government's response (Dkt. 135), Defendants' reply (Dkt. 138), Defendants' response (Dkt. 136), and the Government's reply (Dkt. 137).

801(c)).  "As a general rule, hearsay is not admissible in federal courts."  Id. (citing Fed. R. Evid. 802).  However, there are various exclusions and exceptions that allow for the admission of hearsay evidence.  See Fed. R. Evid. 801; Fed. R. Evid. 803.

The Court considers each challenged exhibit and finds that none of the evidence before it constitutes inadmissible hearsay.

### A. Government Exhibit 52 – Emails Between Annetta Powell and Brandy Hawkins

Defendants seek to exclude the Government's proposed Exhibit 52, a compilation of emails between (i) Defendant Annetta Powell, who owned and operated the several tax preparation businesses that are party to this suit; and (ii) Brandy Hawkins, who worked as a tax preparer in Powell's employment and whose testimony supports the Government's theory that Powell's businesses engaged in fraud.  See Hawkins Emails (Dkt. 132-1).  The email reflects Hawkins's summary of "issues . . . with things going on with [her] employment at Tax Experts," including a purported "request to modify the job duties and expectations" and a statement that Hawkins was "not comfortable and think[s] it's unreasonable for [Powell] to request of [] managers to 'audit and fix' files that are apart [sic] of the years of this litigation that the company is having with the Department of Justice."  Id. at PageID.18900.  Powell responds to that email, in part, by insisting that she "never asked [Hawkins to] alter anything" and that Hawkins's email was an attempt to "frame" her.  Id. at PageID.18901 (capitalization modified).

Defendants view this collection of emails as inadmissible hearsay because the Government "is seeking to introduce these emails as a composite exhibit [] to prove the truth of the matters asserted in the emails."  Def. Mot. at 7.  The Government submits that the statements made by Powell and Hawkins are not hearsay under Rules 801(d)(2)(A) and 801(d)(2)(D), respectively.  Gov't Resp. at 4–5.

2

The Government is correct.  As to Powell's statements in the emails, a statement "offered against an opposing party" is not hearsay if it was "made by the party in an individual . . . capacity." Fed. R. Evid. 801(d)(2)(A).  The statements in the email were made by Powell in her individual capacity, and the Government now offers those statements against her as an opposing party.  Under Rule 801(d)(2)(A), Powell's statements are not hearsay.

As to Hawkins's statements, a statement "offered against an opposing party" is not hearsay if it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).  Hawkins was indisputably an "employee" of Powell and Powell's tax preparation businesses.  Hawkins's statements were made "on a matter within the scope" of her employment; she explicitly raises "issues . . . with things going on with [her] employment at Tax Experts."  Hawkins Emails at PageID.18900.  The Government now offers Hawkins's statements against Powell and her businesses, who are opposing parties in this case.  Defendants' reply fails to challenge the Government's argument that Rule 801(d)(2)(D) applies.  See Def. Reply.

The Government's proposed Exhibit 52 is not inadmissible hearsay.  The Court denies Defendants' motion.

### B.  Defense Exhibit 494 – Training Manual

Powell operated multiple tax preparation businesses with materials licensed from a separate company, The Tax Experts, Inc.  See Gov't Mot. at 6; Def. Resp. at 5–6.  One such set of materials is a training manual, which the Government now challenges as inadmissible hearsay.  See Training Manual (Dkt. 133-1).  Defendants insist that they "do not present the tax training manual to prove the truth of any of the statements contained in the manual"—i.e., "[i]t is not for the purpose of proving that what The Tax Experts Inc. said in the manual was correct or not."  Def. Resp. at 6–7.

3

The Court agrees that the training manual does not consist of statements offered to prove the truth of the matter asserted. By its own terms, the manual "offers a comprehensive treatment of the basic rules and concepts related to filing a tax return." Training Manual at PageID.18917. It is, essentially, a set of instructions. As other courts have explained, this type of instructional document does not constitute hearsay. See, e.g., Golden Years Homestead, Inc. v. Buckland, 466 F. Supp. 2d 1059, 1068 n.10 (S.D. Ind. 2006), aff'd, 557 F.3d 457 (7th Cir. 2009) (finding that "training materials" were admissible and did not constitute hearsay where they were "not offered for the truth of the matters asserted within them") (citing United States v. Shepherd, 739 F.2d 510, 514 (10th Cir. 1984) (finding that "instructions" were not inadmissible hearsay, explaining: "An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.")); Knuth v. Wexford Health Sources, Inc., No. 15-2666, 2018 WL 10799157, at *12 (N.D. Ill. Mar. 12, 2018) (finding written "policies and procedures" admissible over hearsay challenge where court was "not convinced that [their] contents [were] being offered for their truth," stating: "An assertion that [individuals] carried out policies and procedures in place above them does not rely on the veracity of the policies and procedures themselves.").

The Court denies the Government's motion to the extent it seeks to exclude the training manual.

### C. Defense Exhibit 495 – Email from Defense Counsel

Defendants seek to introduce an email sent from Richard Segal, an attorney representing Defendants in the present case, to Brandy Hawkins. See Segal Email (Dkt. 133-2). The email states in part: "As you know, your employment was terminated due to your gross misconduct and failure to comply with The Tax Experts' policies and procedures, as well as the duties set forth in your job description." Id. at PageID.19041. The Government considers this email inadmissible

4

hearsay.  See Gov't Mot. at 9.  Defendants submit that they "do not seek to introduce the termination letter of Brandy Hawkins for the truth of the statements made therein"; rather, its "purpose . . . is to prove Brandy Hawkins' state of mind, bias and motive against Annetta Powell." Def. Resp. at 9.  They refer the Court to a case where "a termination letter was excluded only for the truth of its statements made therein, but otherwise was admitted," and they submit that the same treatment is appropriate here.  Id. (citing Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC, 72 F. Supp. 3d 131, 142–143 (D.D.C. 2014)).

The Court agrees with Defendants that Segal's email is not admissible to demonstrate the truth of the statements asserted by Segal—i.e., whether the reasons for Hawkins's termination were factually based—but that it is admissible to support Defendants' theory that Hawkins had a bias against Powell.  A statement "is not hearsay" where "it is presented to show [] biases . . . rather than the truth of the matter asserted."  Jackson v. Fed. Exp. Corp., No. 10-5837, 2012 WL 171336, at *3 (N.D. Ill. Jan. 20, 2012) (rejecting argument that testimony evidencing personal dispute constituted inadmissible hearsay).  The statements in Segal's email may demonstrate that "there was a dispute, separate and apart from whether any of the specific factual assertions made in the [email] are true."  Sabre, 72 F. Supp. 3d at 142.  The Court finds that Segal's letter is admissible for the purpose of showing—in Defendants' words—that "there has been a great deal of animosity between Brandy Hawkins and Annetta Powell and that Brandy Hawkins is biased against Annetta Powell."  Def. Resp. at 9.

The Government is also incorrect that the email cannot be authenticated.  See Gov't Mot. at 9.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  At the very least, Hawkins could authenticate the email as its

recipient.  See, e.g., United States v. Siddiqui, 235 F.3d 1318, 1322–1323 (11th Cir. 2000) (affirming finding that emails were properly authenticated based on factors including testimony of recipients and review of sender's email address).  And Defendants cite caselaw finding that "participation in a particular email is not a prerequisite to authenticating it" if there is otherwise sufficient support for an email's authenticity in its "'appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.'" United States v. Bertram, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017) (quoting Fed. R. Evid. 901(b)(4)). While authentication must await what is presented at trial, there is no reason to believe the effort is doomed.

The Court denies the Government's motion.[2]

## II. CONCLUSION

For the reasons stated above, the Court denies the Government's and Defendants' motions to exclude exhibits (Dkts. 132, 133).

SO ORDERED.

Dated: October 13, 2023           s/Mark A. Goldsmith
        Detroit, Michigan          MARK A. GOLDSMITH
                                      United States District Judge

---

[2] The Government also submits that Segal's email (i) was not turned over to the Government during discovery and (ii) was not listed on Defendants' exhibit list.  See Gov't Mot. at 9 n.2; Gov't Reply at 3–4.  The Court finds these rationales insufficient to require exclusion of Segal's email at trial. The Government provides no explanation as to how Defendants defied any specific discovery requests when they declined to produce this document.  And the Government cites no authorities requiring the exclusion of documents that were not turned over in discovery.  Also, the Government did not introduce its argument that the email was not included on Defendants' exhibit list until its reply, so the Court deems that argument waived.  See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time . . . in replies to responses.").